UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

JOHN SWART and JUDY MAYTON-SWARTZ,

                              Plaintiffs,

      -against-

RICHARD INSOGNA and KEVIN COLLINS,

                              Defendants.

Civil Action No.:6:09-cv-00616

(DNH/ATB)

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Elmer Robert Keach, III
Brett A. Engel
LAW OFFICES OF ELMER
   ROBERT KEACH, III, PC
1040 Riverfront Center
P.O. Box 70
Amsterdam, NY 12010
Telephone:    518.434.1718
Telecopier:    518.770.1558
Electronic Mail:
   bobkeach@keachlawfirm.com

Dated: June 22, 2011

ATTORNEYS FOR PLAINTIFFS
JOHN SWARTZ AND JUDY
MAYTON-SWARTZ

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . 2

STANDARD FOR SUMMARY JUDGMENT . . . . . . 4

ARGUMENT . . . . . . . . . . . 5

    POINT I
    DEFENDANT INSOGNA DID NOT HAVE PROBABLE CAUSE TO INITIATE A
    TRAFFIC STOP . . . . . . . . . 5

    POINT II

    DEFENDANTS INSOGNA AND COLLINS COMPLETELY LACKED PROBABLE
    CAUSE TO ARREST PLAINTIFF JOHN SWARTZ. . . . . 6

        A.  FALSE ARREST. . . . . . . . 6

        B.  MALICIOUS PROSECUTION . . . . . . 8

    POINT III

    DEFENDANTS INSOGNA AND COLLINS SHOULD BE DENIED QUALIFIED
    IMMUNITY BECAUSE DEFENDANTS INSOGNA AND COLLINS' ARREST OF
    PLAINTIFF JOHN SWARTZ WAS NOT SUPPORTED BY PROBABLE CAUSE 9

CONCLUSION . . . . . . . . . . 11

# TABLE OF AUTHORITIES

**Federal Cases**                                       **Page**

*Bad Frog Brewery v. New York State Liquor Auth.,* 134 F.3d 87 (2d Cir. 1998) . . 9

*Donahue v. Windsor Locks Bd. Of Fire Comm'rs*, 834 F.2d 54 (2d Cir.1987) . . 4

*Hetchkop v. Woodlawn at Grassmere, Inc.,* 116 F.3d 28 (2d Cir.1997) . . . 4

*Holeman v. City of New London*, 425 F.3d 184 (2d Cir.2005) . . . . 5

*Jacks v. Tavernier*, 316 F.3d 128 (2d Cir.2003) . . . . . 9

*Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir.2005) . . . . 4

*LaGrange v. Ryan*, 142 F.Supp.2d 287 (N.D.N.Y. May 16, 2001) . . . . 9

*Lang v. Retirement Living Pub. Co.*, 949 F.2d 576 (2d Cir.1991) . . . . 4

*Lennon v. Miller*, 66 F.3d 416 (2d Cir. 1995). . . . . . . 10

*Moore v. Comesanas,* 32 F.3d 670 (2d Cir.1994) . . . . . . 5

*Murphy v. Lynn,* 118 F.3d 938 (2d Cir.1997) . . . . . . . 7, 8

*Phillips v. DeAngelis*, 571 F. Supp.2d 347 (N.D.N.Y. 2008) . . . . . 8

*Project Release v. Prevost*, 722 F.2d 960 (2d Cir.1983) . . . . . 4

*Provost v. City of Newburgh,* 262 F.3d 146 (2d Cir.2001) . . . . . 7

*Rounseville v. Zahl*, 13 F.3d 625m(2d Cir.1994) . . . . . . 9

*Sec. Ins. Co. of Hartford v. Old Dominion Freight Line. Inc.*, 391 F. 3d 77 (2d Cir.2004) . 4

*Singer v. Fulton County Sheriff,* 63 F.3d 110 (2d Cir.1995) . . . . . 6

*Thomas v. Roach*, 165 F.3d 137 (2d Cir.1999) . . . . . . 10

*Tierney v. Davidson*, 133 F.3d 189 (2d Cir. 1998) . . . . . . 10

*Weyant v. Okst,* 101 F.3d 845 (2d Cir.1996) . . . . . . . 6, 8


**State Cases**

*People v. Munafo,* 50 N.Y.2d 326 (1980) . . . . . . . 7

*People v. Tichenor,* 89 N.Y.2d 769 (1997) . . . . . . . 7

**INTRODUCTION**

John Swartz and Judy Mayton-Swartz (collectively "Plaintiffs" or "Plaintiff John Swartz" or "John Swartz" or "Plaintiff Judy Swartz" or "Judy Swartz") submit this Memorandum of Law in opposition of the Defendants Richard Insogna and Kevin Collins' (collectively "Defendants" or "Defendant Insogna" or "Officer Insogna" or "Defendants Collins" or "Deputy Collins") Motion for Summary Judgment.

This action arises from the events leading up to Officer Insogna and Deputy Collins unlawfully arresting John Swartz in the evening of May 28, 2006.  After witnessing Plaintiff John Swartz, a passenger in the vehicle driven by Plaintiff Judy Swartz, extend his middle finger towards his patrol car, Defendant Insogna initiated a traffic stop despite the fact that he did not believe that any traffic infractions had been committed by the Plaintiffs.  Since Officer Insogna only witnessed an irritating but otherwise legal act by John Swartz, Officer Insogna was not entitled to stop the Plaintiffs' vehicle.  Moreover, Defendant Insogna has claimed that he was concerned about Plaintiff Judy Swartz's safety, in that she may have been involved or potentially involved in a domestic violence situation.  <u>Richard Insogna Dep., pp. 24, 34, 52 (Exhibit D)</u>. Unfortunately, Defendant Insogna's purported excuses for stopping what was otherwise a legal and infraction-free vehicle was that, initially, he wanted to allegedly check on Plaintiff Judy Swartz's wellbeing, and now that it was because Plaintiff John Swartz purportedly committed the traffic infraction of not wearing a seatbelt, raise a valid question of fact of whether Defendant Insogna had probable cause to initiate a traffic stop at all.

For that reason, and the fact that the Defendants and the Plaintiffs continue to assert plainly different factual representations, the Plaintiffs respectfully request that the Defendants' Motion for Summary Judgment be denied.

1

**STATEMENT OF FACTS**

The Plaintiffs have provided a statement of material facts to the Court, and incorporate that statement by reference into this Memorandum. The Plaintiffs will very briefly cite the relevant facts below.

In the evening of May 28, 2006, Plaintiff Judy Swartz was driving, with Plaintiff John Swartz as the front-seat passenger, on Route 5 into the Village of St. Johnsville. *John Swartz Dep., pp. 36, 38 (Exhibit B)*. While driving by a marked police cruiser, manned by Defendant Insogna, Plaintiff John Swartz extended his right arm up outside of the vehicle, and extended his middle finger up in Defendant Insogna's direction. *John Swartz Dep., pp. 48-49 (Exhibit B)*. Plaintiff Judy Swartz, unwise to what had transpired, continued driving to her son's house, where she was to drop off chairs. *Judy Swartz Dep., pp. 44. 51-52 (Exhibit C)*. After Plaintiff Judy Swartz parked the vehicle in front of Christopher Mayton's house, and the Plaintiffs got out of the vehicle to grab the chairs from the trunk, Defendant Insogna turned onto Monroe Street with lights activated. *Judy Swartz Dep., pp. 17, 19-20 (Exhibit C)*; *John Swartz Dep., pp. 52-54 (Exhibit B)*. Defendant Insogna parked the marked police cruiser in the middle of the road, got out, and screamed at the Plaintiffs to get back into the vehicle. *Judy Swartz Dep., p. 20 (Exhibit C)*. The Plaintiffs complied, and Defendant Insogna requested Plaintiff Judy Swartz's license and registration, ignoring her repetitive requests to find out what she had done. *Judy Swartz Dep., pp. 20-21 (Exhibit C)*. Defendant Insogna brought the documents back to his police cruiser, and while there, three other police officers arrived, two Fort Plain Police Officers, and Defendant Collins, in response to Insogna's calls for "back up." *Judy Swartz Dep., pp. 61-65 (Exhibit C)*. Plaintiff John Swartz's license was also requested, and after a few more minutes, it was Defendant Insogna who brought back all three documents to Plaintiff Judy Swartz, and

advised the Plaintiffs they could go. *John Swartz Dep., pp. 67, 69-70 (Exhibit B)*. Both Plaintiffs got out of the vehicle, and Plaintiff John Swartz faced Defendant Insogna and requested to speak to him "man to man." *John Swartz Dep., pp. 71-72 (Exhibit B)*. Defendant Insogna acquiesced, so Plaintiff John Swartz started to walk towards Defendant Insogna, only to have the three officers step in Plaintiff John Swartz's path. *John Swartz Dep., p. 72 (Exhibit B)*. Not feeling the need to shout the conversation, Plaintiff John Swartz turned around, and started towards the house, walking behind Plaintiff Judy Swartz. *John Swartz Dep., pp. 72-74 (Exhibit B)*. Plaintiff John Swartz muttered to himself, under his breath, that "I feel like an ass." *John Swartz Dep., p. 74 (Exhibit B)*. He then repeated the statement again when one of the officers behind him asked what he had said. After hearing the repeated statement, Defendant Collins told Plaintiff John Swartz he was under arrest. *John Swartz Dep., pp. 74-76 (Exhibit B)*. Plaintiff John Swartz was then handcuffed by Defendant Collins, and placed in the back of Defendant Insogna's police cruiser. *John Swartz Dep., pp. 76, 78-80 (Exhibit B)*. Plaintiff John Swartz was taken to the St. Johnsville Police Department, where Defendant Collins retrieved his handcuffs. *John Swartz Dep., pp. 78-81 (Exhibit B)*. Plaintiff John Swartz was processed, charged with Disorderly Conduct, and released with an appearance ticket. *John Swartz Dep., pp. 81-81 (Exhibit B)*. Over a three year time period, Plaintiff John Swartz attended three different court hearings. *John Swartz Dep., p. 88 (Exhibit B)*. On August 1, 2009, Village Justice Nino J. Polidori, of the Village of St. Johnsville, dismissed the complaint against Plaintiff John Swartz with prejudice. *Aug. 1, 2009 Decision and Order (Exhibit G)*.

**Standard of Review for Summary Judgment Motion**

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). "In deciding such motions, the moving party bears the burden of demonstrating that there is no genuine issue as to any material fact, *see, e.g., Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir.2005), and the evidence presented will be construed liberally in favor of the party opposing the motion, *see, e.g., Sec. Ins. Co. of Hartford v. Old Dominion Freight Line. Inc*., 391 F. 3d 77, 83 (2d Cir.2004). Facts, inferences there from, and ambiguities must be viewed in a light most favorable to the non-movant. *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983). Therefore, the Court's only duty is to determine if there are issues of fact that must be tried, not for the Court to resolve them. *Donahue v. Windsor Locks Bd. Of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). Consequently, if there is any evidence in the record from which a reasonable inference could be drawn in favor of the nonmoving party, as to the issue on which summary judgment is sought, then the motion for summary judgment must be denied. *Hetchkop v. Woodlawn at Grassmere, Inc.,* 116 F.3d 28, 33 (2d Cir.1997). For the reasons set forth below, the Defendants' motion for summary judgment should be denied.

**ARGUMENT**

**POINT 1**

**DEFENDANT INSOGNA DID NOT HAVE REASONABLE SUSPICION TO INITIATE A TRAFFIC STOP**

The Defendants admit that for a police officer to legitimately initiate a traffic stop, the standard is reasonable suspicion of a traffic violation. The Second Circuit explained in *Holeman v. City of New London*, that "[t]he Fourth Amendment requires that an officer making [a traffic] stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." 425 F.3d 184, 189 (2d Cir.2005). However, since the conclusion of whether probable cause existed is "predominately factual in nature," this decision must be made by a jury. *Moore v. Comesanas*, 32 F.3d 670, 673 (2d Cir.1994). Clearly the standard has not been met.

The Defendants argue that based upon Defendant Insogna's self-serving observations in an affidavit, probable cause existed for Defendant Insogna to execute a traffic stop. "While observing Mr. Swartz as he was 'giving me the finger,' I further observed that he was out of his seat and not wearing his seat belt in violation of New York State V & T Law §1229-c." *Insogna Affidavit p. 2 ¶ 7*. However, the factual circumstances leading up to Plaintiff John Swartz's arrest is contradicted by those put forth by the Plaintiffs and those stated by Defendant Insogna in his police report from May 28, 2006. Both Plaintiffs John and Judy Swartz maintain that not only was John Swartz wearing his seatbelt that day, but that no traffic offense was committed the evening of May 28, 2006. Moreover, it must be noted that when Officer Insogna composed his "Narrative", written the same day of the events in question, Defendant Insogna did not document that Plaintiff John Swartz got up out of his seat while giving him the finger, or that he saw or

believed that Plaintiff John Swartz was not wearing his seat belt. What's more, Defendant Insogna testified that the Plaintiffs had committed no traffic infractions that would have warranted a traffic stop on May 28, 2006, only that Officer Insogna was concerned that the Plaintiffs were "alright." *Richard Insogna Dep., pp. 24, 35, 52 (Exhibit D)*; *Police Narrative (Exhibit F)*. Within Defendant Insogna's own testimony there is disputed reasons as to the purported probable cause as to why Defendant Insogna initiated a traffic stop. Clearly the question of whether Defendant Insogna knew or reasonably believed that Plaintiff John Swartz was not wearing his seatbelt on the evening of May 28, 2006 is one that must be decided by a jury. Considering these disputed facts in a light most favorable to the nonmoving plaintiff, the defendants' motion for summary judgment with respect to Plaintiffs' unreasonable seizure claim must be denied.

## POINT II

### DEFENDANTS INSOGNA AND COLLINS LACKED PROBABLE CAUSE TO ARREST AND PROSECUTE PLAINTIFF JOHN SWARTZ FOR THE VIOLATION OF DISORDERLY CONDUCT

**A. False Arrest**

To prove the elements of false arrest, the plaintiff must show: (1) that defendants intended to confine her; (2) that she was conscious of her false arrest; (3) that she did not consent to be confined; and (4) that the confinement was not otherwise privileged. *Singer v. Fulton County Sheriff,* 63 F.3d 110 (2d Cir.1995). Probable cause, whether the action is brought under state law or under a §1983 action, will constitute a complete defense for false arrest. *Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996). "Where the question of whether an arresting officer had probable cause is predominantly factual in nature, as where there is a dispute as to the pertinent

events, the existence *vel non* of probable cause is to be decided by the jury." *Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir.1997).

Here, the first three elements have been readily met. Plaintiff John Swartz was knowingly arrested against his will. As to the fourth element, which is in dispute, the Defendants argue that the confinement was privileged because they maintain that Plaintiff John Swartz engaged in disorderly conduct. A person is guilty of disorderly conduct, under the New York Penal Law, when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: in a public place, he uses abusive or obscene language, or makes an obscene gesture." N.Y. Penal §240.20(3). The disorderly conduct statute "is directed at words and utterances coupled with an intent to create a risk of public disorder [.]" *People v. Tichenor,* 89 N.Y.2d 769, 775 (1997). The statute "punishes 'disruptive behavior ... of public rather than individual dimension.'" *Provost v. City of Newburgh,* 262 F.3d 146, 157 (2d Cir. 2001) (quoting *People v. Munafo,* 50 N.Y.2d 326, 331, 428 N.Y.S.2d 924, 406 N.E.2d 780 (1980)). As the New York Court of Appeals stated in *Munafo,* "the clear aim was to reserve the disorderly conduct statute for situations that carried beyond the concern of individual disputants to a point where they had become a potential or immediate public problem." 50 N.Y.2d at 331.

Admittedly, if Plaintiff John Swartz had repeatedly yelled "I feel like an ass," or the other range of profanity alleged by Defendant Insogna, with numerous people in the vicinity as the Defendants have claimed, the Defendants may have had probable cause to arrest Plaintiff John Swartz for Disorderly Conduct. However, Plaintiff John Swartz did not yell "I feel like an ass" or any other profanity repeatedly. *John Swartz Dep., p. 77 (Exhibit B)*. Plaintiff John Swartz initially muttered that comment to himself, and then repeated it in response to an officer's inquiry. *John Swartz Dep., pp. 74-77 (Exhibit B)*. It is unlikely that Mr. Swartz's comments

were heard by anyone outside of his immediate vicinity, and they certainly did not create a risk of public disorder. *John Swartz Aff., ¶ 20 (Exhibit A).* The Defendants did not have probable cause to arrest the Plaintiff based on these factual disputes. Probable cause, in this instance, is a question of fact for the jury, and one not appropriate to be decided on a summary judgment motion.

### B. Malicious Prosecution

False Arrest and Malicious Prosecution are kindred actions, in that when considered in the context of a §1983 action, they both have Fourth Amendment constitutional relevance. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). To state a cause of action for malicious prosecution under §1983, a plaintiff must show: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination in the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). "The requirement that a plaintiff show an initiation or continuation of a criminal proceeding by the defendant may be satisfied by a showing that the defendant filed formal charges and caused the plaintiff to be arraigned." *Phillips v. DeAngelis*, 571 F. Supp.2d 347, 354 (N.D.N.Y. 2008).

The first two elements have been met, since it is unquestionable there was a criminal proceeding instituted against Plaintiff John Swartz, and the proceeding terminated in his favor. See, *Aug. 1, 2009 Decision and Order (Exhibit G)*. However, at issue is whether there was probable cause for commencing the proceeding, essentially the same argument as the false arrest claim. As stated above, Plaintiff John Swartz respectfully maintains that the standard of probable cause is not met based on the facts proffered by the Plaintiff.

In New York, the lack of probable cause and malice are considered closely related elements and therefore the existence of malice may be inferred from a lack of probable cause. *Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994).  The fact that the Defendants are alleging details that did not occur, in order to arrest Plaintiff John Swartz for giving Defendant Insogna the middle finger, clearly demonstrates actual malice as motivation for the Defendants' actions. It is worth noting that extending one's middle finger represents constitutionally protected speech.  *See generally, Bad Frog Brewery v. New York State Liquor Auth.,* 134 F.3d 87 (2d Cir. 1998).   Additionally, there must be a post arraignment seizure for a §1983 malicious prosecution claim, which the requirement may be met by attending criminal proceedings and obeying conditions of bail.  *Jacks v. Tavernier*, 316 F.3d 128, 136 (2d Cir.2003).  Plaintiff John Swartz met this requirement because Plaintiff John Swartz was required to attend approximately three court appearances, and pay to retain counsel.  <u>John Swartz Dep., p. 88 (Exhibit B).</u>

## POINT III

**DEFENDANTS INSOGNA AND COLLINS SHOULD BE DENIED QUALIFIED IMMUNITY BECAUSE DEFENDANTS INSOGNA AND COLLINS' ARREST OF PLAINTIFF JOHN SWARTZ WAS NOT SUPPORTED BY PROBABLE CAUSE.**

The Plaintiffs respectfully suggest that to arrest Plaintiff John Swartz based on the facts presented by the nonmoving party, the Court must conclude that the Defendants are not entitled to summary judgment on their qualified immunity defense.  The doctrine of qualified immunity "shields police officers acting in their official capacity from suits for damages under 42 U.S.C. §1983, unless their actions violate clearly established rights of which an objectively reasonable official would have known." *LaGrange v. Ryan*, 142 F.Supp.2d 287 (N.D.N.Y. May 16, 2001).

Therefore, a police officer is entitled to qualified immunity in making arrests where "(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act."  *Tierney v. Davidson*, 133 F.3d 189, 199 (2d Cir. 1998).  Thus, the decision of this summary judgment motion turns on whether the Defendants' probable cause determination was objectively reasonable.  "The objective reasonableness test is met…if 'officers of reasonable competence could disagree' on the legality of the defendant's actions."  *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir.1999) (quoting *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995)).

Here, Defendants Insogna and Collins argue that they are entitled to qualified immunity on the ground that as a matter of law it was objectively reasonable for them to exercise their discretionary function and arrest the Plaintiff based on the fact that they purportedly had probable cause.  Defendants Insogna and Collins testified that Plaintiff John Swartz engaged in disorderly conduct when he supposedly repeatedly yelled "I feel like an ass" while numerous individuals were in the nearby vicinity.  The Defendants' statements that Plaintiff John Swartz was repeatedly yelling "I feel like an ass," are no more than bald assertions in a he-said-she-said argument.  However, as discussed above, the Plaintiffs have testified that not only was Defendant Insogna's traffic stop, based on the fact that Plaintiff John Swartz gave Defendant Insogna the middle finger, not objectively reasonable, but also that Defendants Insogna and Collins were acting under an improper motive when they arrested and charged Plaintiff John Swartz for muttering to himself "I feel like an ass" after dealing with the unwarranted, unnecessary, and overwhelming four officer, three marked law enforcement cruisers, traffic stop.  At the time the Defendants executed the arrest of Plaintiff John Swartz, the Defendants

overheard Plaintiff John Swartz muttering to himself that he felt like an ass. *John Swartz Dep., pp. 74-77 (Exhibit B)*. Although the Plaintiff did repeat "I feel like an ass" in response to a police inquiry, this does not present an appropriate basis for the Defendants to arrest Plaintiff John Swartz. Therefore, based on the facts the Court must assume to be true, for the purposes of ruling on a Motion for Summary Judgment, it cannot conclude that it was objectively reasonable for Defendants Insogna and Collins to believe that they had probable cause to arrest Plaintiff John Swartz for disorderly conduct. The factual disputes preclude a finding of qualified immunity.

## CONCLUSION

For these reasons, the Plaintiffs respectfully request that the Court deny the Defendants' Motion for Summary Judgment in all respects.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated:  June 22, 2011

_____
Elmer Robert Keach, III, Esquire
USDC, NDNY Bar Roll Number 601537
LAW OFFICES OF ELMER ROBERT
        KEACH, III, PC
1040 Riverfront Center
P.O. Box 70
Amsterdam, NY 12010
Telephone:     518.434.1718
Telecopier:     518.770.1558
Electronic Mail:
        bobkeach@keachlawfirm.com

**ATTORNEY FOR PLAINTIFFS
JOHN SWARTZ AND JUDY SWARTZ**