LAW OFFICES OF
# ELMER ROBERT KEACH, III
A PROFESSIONAL CORPORATION

1040 RIVERFRONT CENTER
POST OFFICE BOX 70
AMSTERDAM, NY 12010

TEL: (518) 434-1718
FAX: (518) 770-1558
www.keachlawfirm.com
bobkeach@keachlawfirm.com

March 27, 2013

The Honorable David N. Hurd
United States District Judge
United States District Court
 for the Northern District of New York
Alexander Pirnie United States Courthouse
10 Broad Street
Utica, New York  13501

    Re:    *Swartz v. Insogna, et.al.,* No. 09-CV-0616

Dear Judge Hurd:

This letter brief serves at the Plaintiffs' Motion *in limine* in the above-captioned action. The Plaintiffs request a ruling from the Court on the following issues: 1) preclusion Plaintiff John Swartz's arrest history, 2) preclusion of the testimony of NYS Trooper Thomas Gould, who is not a party in this action.

Plaintiffs address each of these issues below.

### *Preclusion of Arrest History of Plaintiff John Swartz*

Plaintiffs request that any mention of John Swartz's arrest history be precluded, other than the May 28, 2006 Disorderly Conduct arrest which, in part, gives rise to this action. Not including this 2006 arrest, Mr. Swartz has been arrested on three (3) occasions: a) 1977 - Resisting Arrest charge in Oklahoma which was dismissed; b) mid 1990's - an arrest for a traffic violation in New York which resulted in an adjournment in contemplation of dismissal (ACD); c) 2011 – Harassment charge which was dismissed before trial.

The Honorable David N. Hurd
March 27, 2013, Page 2
Re: *Swartz v. Insogna,* Motion in Limine

None of these arrests resulted in a criminal conviction, *see* N.Y. Crim. Proc. Law. §170.55(8); *see also Smith v. Bank of Am. Corp.*, 865 F.Supp.2d 298, 306 (E.D.N.Y. 2012) ("ACD is deemed not to be a conviction or admission of guilt"), and are thus not admissible as convictions for impeachment purposes under Fed R. Evid. 609.

These arrests are also not admissible as evidence of a witness's past conduct for impeachment under Fed. R. Evid. 608(b). "[Q]uestions eliciting facts bearing on a witness's credibility are proper on cross examination." *United States v. Lora-Pena*, 227 Fed. Appx. 152, 68 (3d Cir. 2007). However, Mr. Swartz's prior arrests for harassment, resisting arrest and a traffic violation have *no relation* to his character for truthfulness and thus should be precluded.

Furthermore, evidence of Mr. Swartz's prior evidence is barred under Fed. R. 404 which prohibits the use of character or prior bad act evidence to prove a person's general character for unlawfulness. Fed. R. Evid. 404; *United States v. Moore*, 2013 WL 765746 (4th Cir. March 1, 2013). Prior bad act evidence is only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b); *United States v. Byers*, 649 F.3d 197, 206 (4th Cir. 2001). None of these acceptable justifications apply in the present case. As such, evidence of these arrests has **no probative value** and due to the risk of undue prejudice, they should be precluded. *See* Fed. R. Evid. 403.

### *Preclusion of Trooper Thomas Gould's Testimony*

Plaintiffs also respectfully request that the Court preclude the testimony of NYS Trooper Thomas Gould at trial. Plaintiffs first learned that Defendants would be calling Trooper Gould on March 26, 2013 when Defendants submitted their Pre-Trial Witness List. Plaintiffs have no idea who Trooper Gould is or how he is related to this action. Trooper Gould was not listed in

The Honorable David N. Hurd
March 27, 2013, Page 3
Re: *Swartz v. Insogna,* Motion in Limine

Defendants' Initial Disclosures and his name has not been disclosed or mentioned in any way over the course of the extensive discovery in this case to the Plaintiffs' knowledge.

In determining whether evidence should be precluded, the Court must consider factors such as the prejudice to the Plaintiffs, the Defendants' explanation for its failure to disclose and the presence of bad faith or willfulness in Defendants' failure to disclose. See *Glennon v. Wing*, 2011 WL 5825783, *4 (D.N.J., Nov. 17, 2011). Defendants bear the burden of "establishing substantial justification and harmlessness" in its failure to disclose. *Id.* (internal quotations omitted); *see also M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, 2007 WL 979854, at *12 (D.N.J. Mar. 30, 2007). Trooper Gould's testimony at trial would create unfair prejudice against Mr. and Ms. Swartz as Plaintiffs have not had an opportunity to depose him or even question him about his involvement or review his personnel records, and most likely will not have the chance to do so before the start of trial in three weeks. Furthermore, Defendants have had numerous opportunities to disclose Trooper Gould's identity and elected not to do so, presumably to unfairly surprise Plaintiffs. As such, Trooper Gould's testimony should be barred at trial.

**Conclusion**

Plaintiffs thank the Court for its consideration of this motion *in limine.*

The Honorable David N. Hurd
March 27, 2013, Page 4
Re: *Swartz v. Insogna,* Motion in Limine

Respectfully Submitted By:

/s Elmer Robert Keach, III

Elmer Robert Keach, III

cc:

*By ECF*
All Counsel of Record